## Rywell, Inc. v. Daniell-Sapp-Boorn Associates, Inc.

*Lester G. Nauhaus*, for plaintiff.
*Bernard J. McAuley*, for defendant.

DOYLE, *J.*, April 4, 1979—Thomas J. Ryan (Ryan) and Peter Rockwell (Rockwell) owned one-fourth and three-fourths, respectively, of the shares of Rywell, Inc. (plaintiff), which purchased Park Tavern, a dispenser of victuals and spirits. The owners proposed to change the name of the establishment to "Ryan's Pub," Ryan to be the operating

publican. The required Commonwealth license having been granted, Ryan, at the suggestion of Rockwell, sought the advice of Peter E. Boorn (Boorn), a shareholder and officer of defendant (an insurance broker) and a brother-in-law of Rockwell. Defendant's employe Charles T. Conway (Conway), was assigned by defendant to process the matter.

Ryan testified that he telephonically conferred with Conway during May of 1974. Ryan discussed only fire insurance covering the inventory and insurance covering plate glass breakage and tavern owners' liability insurance. Business interruption insurance was not discussed by Ryan or Conway. Policies for these risks were delivered to and paid for by plaintiff. The pub operated from May to September of 1974, when it was closed for remodeling, the scheduled grand opening being set for December 4, 1974. But on December 3, 1974, a fire damaged the pub and its contents and the insurer paid for the losses to the extent of the limits of the policies.

Plaintiff now complains that defendant breached a duty to plaintiff by failing to recommend "business interruption" insurance and demands judgment for its loss, alleged to be $16,200.

On cross-examination Ryan testified that Attorney David McSorley advised him to obtain all insurance required by the lessor of the premises and that he forwarded the lease to Conway through Mr. McSorley. Conway testified that he complied with all insurance requirements of the lease and insured plaintiff against losses by fire and also against liability and workmen's compensation and that he included an "umbrella" policy. Conway delivered the policies of insurance to plaintiff along with a letter

which set forth in detail the exact coverages which plaintiff had purchased. Neither Conway nor Ryan nor anyone else discussed with defendant any coverage for business interruption because, said Conway, plaintiff was opening a new business which, under Ryan's management, had no business history on which to base any claim for interruption. At the end of the letter Conway wrote: "If you have any question, I will meet with you and discuss the matter." Ryan never asked any question. Conway considered the limits of the coverage to be adequate because the policies were written *before* renovation. Ryan suggested the limits of coverage on contents. All coverages and limits were approved by a fire underwriter, Richard Cardillo, who inspected the premises.

David Kaplan, an accountant employed by Rockwell, attempted to reconstruct a loss but was unable to give any firm dollar amount of business loss because plaintiff was not doing business at the time of the fire. His "net income" loss figure and his "actual loss" figures are based upon anfractuous speculation and are insufficient to support an award of damages.

Plaintiff insists that defendant breached a duty of due care in not recommending that plaintiff purchase business interruption insurance. But Ryan did not request such coverage. He may not have desired such coverage or he may have been ignorant of its availability. It is noteworthy that Rockwell, who owned three-fourths of the business as an investor, never suggested the coverage to his brother-in-law Boorn, but left the entire matter in the hands of his partner-publican.

This is not a case of neglect to procure an insurance coverage which has been requested or to issue

a temporary binder pending delivery of a policy. It is noteworthy that after all policies had been delivered and for a period of almost seven months thereafter neither Ryan nor Rockwell questioned any coverages or limits or asked any question about business interruption insurance, although specifically requested to do so by Conway.

No duty has been breached even under the broad views expressed in 16 Appleman, Insurance Law & Practice §8841; ergo no recovery is legally permissible. An appropriate order will be entered.

## ORDER

And now, April 4, 1979, we find in favor of defendant and against plaintiff. The complaint is dismissed.